IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EDWIN SAMUEL OCH MEJIA,

Plaintiff,

vs.

MARKWAYNE MULLIN, in their official capacity as Secretary of the United States Department of Homeland Security; MARCO RUBIO, in their official capacity as Secretary of State of the United States; TODD BLANCHE, in their official capacity as Attorney General of the United States; TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; PETER BERG, in their official capacity as St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; and WARDEN OF MCCOOK DETENTION CENTER, (formerly McCook Work Ethic Camp), in his or her official capacity as immediate custodian;

Defendants.

**8:26CV420**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Edwin Samuel Och Meija's petition for a writ of habeas corpus. (Filing No. 1). Och Meija, a noncitizen detained by U.S. Immigration and Customs Enforcement, alleges his detention is unlawful because he has not received a bond hearing. For the reasons set forth below, his petition will be denied.

## BACKGROUND

Och Meija was born in Guatemala. (Filing No. 1 at 4). He entered the United States "sometime in 2020." (Filing No. 1 at 4). Before his detention, he lived in Omaha, Nebraska. (Filing No. 1 at 2).

In March 2026, U.S. Immigration and Customs Enforcement (ICE) arrested Och Meija at work in Council Bluffs, Iowa. (Filing No. 1 at 6). ICE initiated removal proceedings against him on the grounds that he was "present in the U.S. without being admitted or paroled[.]" (Filing No. 1 at 4) (citation modified).

Och Meija sought release from detention at the outset of those proceedings. (Filing No. 1 at 7). But the immigration judge denied his request, reasoning she "had no authority to grand bond" under *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). (Filing No. 5 at 2).

In response, Och Meija petitioned for habeas relief. He alleges his detention "became unlawful" when the immigration judge denied his request for release on bond. (Filing No. 1 at 2). Invoking the three-factor test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), he argues his continued detention without a bond hearing violates his due process rights. (Filing No. 1 at 21). He therefore seeks immediate release. (Filing No. 1 at 24).

## STANDARD OF REVIEW

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). The Court's jurisdiction to hear habeas challenges extends to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Under 28 U.S.C. § 2241, a district court can grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Och Meija bears the burden to show his custody is unlawful. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## DISCUSSION

28 U.S.C. § 2243 provides that the Court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from

the application that the applicant or person detained is not entitled thereto." Here, the face of Och Meija's petition shows he is not entitled to habeas relief. For the reasons stated below, then, the Court will deny his petition without requiring the Respondents to show cause.

The Court has previously found that due process challenges to immigration detention raised by petitioners similarly situated to Och Meija fail. *See, e.g., Crespo-Barragan, v. Mullin et al.*, 2026 WL 2056579 (D. Neb. July 16, 2026). It reaches the same conclusion here.

At the outset, Och Meija spends considerable time discussing the "statutory framework" governing his detention and arguing the government has applied the wrong statute to him. (Filing No. 1 at 15); *compare* 8 U.S.C. § 1226(a) (providing that the government "may release" a noncitizen on bond in certain circumstances) *with* 8 U.S.C. § 1225(b)(2)(A) (authorizing detention without bond). But Och Meija fails to mention that the Eighth Circuit has already rejected those arguments. *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). There, the Eighth Circuit held that noncitizens like Och Meija are "applicants for admission" under that term's statutory definition, so they are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* at 1134.

Though *Avila* did not expressly foreclose Och Meija's constitutional arguments, other decisions from the Eighth Circuit and Supreme Court have. In *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024), the court reaffirmed the proposition that "[d]etention during deportation proceedings [i]s . . . constitutionally valid." *Id.* at 931 (quoting *Demore v. Kim*, 538 U.S. 510, 523 (2003)). Because "Congress may make rules as to aliens that would be unacceptable if applied to citizens," the government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* (quoting *Demore,* 538 U.S. at 522). "In other words, the government has more flexibility when dealing with immigration." *Id.* "The overall point," the Eighth Circuit reasoned, is that "[d]etention during removal proceedings is a constitutionally permissible part of th[e] process." *Id.* at 932. That is so even if the statute authorizing detention does not allow for a bond hearing. *See Demore,* 538 U.S. at 528 ("[W]hen the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal.").

*Banyee* also makes Och Meija's reliance on *Mathews* untenable. Cases like *Demore* and *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) "leave no room for a multi-factor 'reasonableness' test." *Id.* at 933. While it is true that "deciding what process is due ordinarily requires a form of

interest balancing," those cases "have already done whatever balancing is necessary" in the detention context. *Id. See, e.g.*, *Demore*, 538 U.S. at 528 (explaining that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means," so it is sufficient if "detention necessarily serves the purpose of preventing deportable aliens from fleeing prior to or during their removal proceedings"); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (linking a reasonable time limitation for detention to "the likelihood of removal in the reasonably foreseeable future"). As the Eighth Circuit noted, "the lead *dissent* in *Demore* advocated for the type of 'individual determination' [Och Meija] now seeks, presumably under a *Mathews*-type inquiry." *Banyee*, 115 F.4th at 933 (emphasis in original). Instead, the "bright-line rule" is that "the government can detain an alien for as long as deportation proceedings are still *pending*." *Id.* (citation modified) (emphasis in original). For Och Meija, they are, so *Mathews* is of no help to him.

Further, that Och Meija has not received an individualized custody determination does not make his custody unlawful. The Supreme Court has repeatedly upheld the constitutionality of *categorical*, mandatory detention of certain classes of noncitizens. *See, e.g.*, *Demore*, 538 U.S. at 531; *Carlson v. Landon*, 342 U.S. 524, 541-42 (1952) (rejecting claims of noncitizens deemed "deportable because of their participation in Communist activities" that they were entitled to be released from detention if they did not pose a flight risk); *Reno v. Flores*, 507 U.S. 292, 313 (1993) (upholding mandatory detention of a class of noncitizen juveniles because "reasonable presumptions and generic rules" are not necessarily impermissible exercises of Congress' traditional power to legislate with respect to noncitizens).

In those cases, the government could continue to hold the detainees simply "by reference to the legislative scheme." *Banyee*, 115 F.4th at 932. So too here. Even though the immigration judge's conclusion she had no authority to consider Och Meija's request for a bond hearing (Filing No. 5 at 2) means he has not been individually found to be a flight risk or dangerous, his detention is constitutional. *See Demore*, 538 U.S. at 524 (emphasizing that "the aliens in *Carlson* were not flight risks" and "had not been found individually dangerous"). Whether or not the immigration judge *would* find Och Meija to be a flight risk or dangerous, § 1225(b)(2)(A) mandates his detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain

proceedings have concluded . . . And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). Och Meija therefore has no procedural right to prove facts at a bond hearing—like lack of flight risk or dangerousness—that the law renders irrelevant to his detention. *See Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7-8 (2003).

In sum, while *Avila* does not foreclose Och Meija's constitutional claim, other Supreme Court and Eighth Circuit precedent does. Thus, his petition for a writ of habeas corpus will be denied.

Accordingly,

**IT IS ORDERED:**

1. Petitioner Edwin Samuel Och Meija's petition for a writ of habeas corpus (Filing No. 1) is denied.
2. A separate judgment will be entered.

Dated this 20th day of August, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge